# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GREGORY WALKER, | CASE NO. 1:18CV640 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| MCKALEE WEIDNER, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of *pro se* Plaintiff Gregory Walker against defendants McKalee Weidener (Librarian), Angela Hunsinger (Deputy Warden of Special Services), E. Mack (Principal), Ed Sheldon (Warden), and Quartermaster Larcen (collectively, Defendants) (ECF DKT #1). For the reasons that follow, this case is dismissed.

## I. BACKGROUND

Plaintiff is incarcerated at the Mansfield Correctional Institution ("MCI") in Mansfield, Ohio. He brings this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, against all Defendants in their individual and official capacities, on behalf of himself and a "class of prisoners," for deprivation of their constitutional rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Unites States Constitution with respect to issues related to the law library at MCI, and with respect to Quartermaster Larcen's response to Walker's request for clothing. Plaintiff raises five causes of action.

Count 1 concerns MCI's policy regarding access to the law library and "Legal Pass Suspension." Plaintiff alleges that pursuant to the policy: (1) inmates on legals passes are removed from the library if they are not doing legal work or otherwise violating policy and their legal passes are revoked for two weeks; (2) if inmates are removed from the library a second time, their legal passes are revoked for thirty days and the inmate must request that the librarian issue a new pass; and (3) if inmates are removed from the library a third time, their legal passes are revoked indefinitely. The same progressive sanction is imposed upon an inmate with a legal pass who is a "no show" two consecutive times. Inmates whose legal passes are suspended may kite the librarian with requests for legal information or copies (*see* ECF DKT #1 ¶ 16). In Count 1, Plaintiff claims that this policy is unconstitutional on its face and as applied to Plaintiff because by denying him access to the law library, Defendants have denied him access to the courts in violation of the First Amendment (*see id*. ¶ 27-30).

Count 2 concerns the number of Lexis Nexis computers available to 2,500 inmates at MCI (4) along with a "legal directory and other legal books" dating before 2015 (*see id*. ¶ 17), and the failure of Defendants to "provide paralegals, lawyers, or inmates trained in the law to assist prisoners" with drafting, researching and filing legal documents to attack their convictions or file claims regarding the conditions of their incarceration (*see id*. ¶ 20). In Count 2, Plaintiff claims that because of these legal resource limitations, Defendants have denied him access to the courts in violation of the First Amendment (*see id*. ¶ 31-34).

Count 3 concerns Defendants' policy of charging Plaintiff and other prisoners at MCI five cents per page for legal forms and copies of legal materials (*see id.* ¶18-19). Plaintiff claims in Count 3 that because of these charges, he is forced to choose between purchasing necessary

hygiene and other items and paying for copies, thus denying him access to the law library and, as a consequence, his First Amendment right to access the courts (*see id.* ¶ 35-38).

Count 4 concerns an alleged incident on August 22, 2017 when Weidner declined to issue Plaintiff a legal pass (*see id.* ¶ 21). Plaintiff claims in Count 4 that because Weidner "arbitrarily" denied him access to the law library, she denied him access to the courts in violation of the First Amendment (*see id.* ¶ 39-41).

Count 5 concerns Plaintiff's request to Larcen on November 1, 2017, for a hat, gloves and boots due to cold weather at MCI which causes pain to his extremities (*see id.* ¶ 25-26). Plaintiff claims in Count 5 that by allegedly depriving him of adequate clothing, Larcen violated his Eighth Amendment right adequate clothing (*see id.* ¶ 42-45).

Plaintiff seeks declaratory and injunctive relief, as well as monetary damages, on all five causes of action.

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro*

*se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**B. Analysis**

As an initial matter, a prisoner proceeding *pro se* may not represent the interests of other prisoners or fellow inmates in federal court. *See Heard v. Snyder*, No. 2:16-cv-13452, 2016 WL 5808359, at *2 (E.D. Mich. Oct. 5, 2016) (collecting cases); *Falls-Bey v. Cook*, No. 2:17-cv-1103, 2018 WL 306610, at *2 (S.D. Ohio Jan. 5, 2018) (same) (collecting cases), *report and recommendation adopted,* No. 2:17-cv-1103, 2018 WL 645988 (S.D. Ohio Jan. 31, 2018). Accordingly, to the extent that Plaintiff asserts claims on behalf of other prisoners at MCI, those claims are dismissed.

**1. Plaintiff fails to state a claim for denial of access to the courts**

Prisoners have a constitutional right of access to the Courts, but no abstract right to a law library or legal assistance. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (Bounds does "not create an abstract, freestanding right to a law library or legal assistance[.]"). In order for Plaintiff to state a claim for relief for denial of access to the courts, he must show that he suffered an injury, that is, he must show that the "alleged shortcomings in the library or legal assistance programs hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. The requirement that plaintiff must show an actual injury "derives ultimately from the doctrine of standing[.]" *Id*. at 349.

"[A] inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. Moreover, "the injury requirement is not satisfied by any type of frustrated legal claim[,]" but is

limited to cases challenging convictions for which the prisoner is incarcerated and prisoner civil rights actions. *Id*. at 354. Therefore, in order to establish standing and state a claim for violation of his constitutional right to access the courts, Plaintiff must show that he suffered actual prejudice with respect to litigation that challenges his conviction or conditions of confinement.

Plaintiff does not allege that, as a result of MCI's law library and legal assistance policies, he suffered any actual prejudice with respect to his access to the courts. His mere allegation that MCI's policies impair his right to access the courts in some theoretical sense is insufficient to establish standing or state a claim upon which relief can be granted. Accordingly those claims are dismissed pursuant to § 1915(e)(2)(B).

### 2. Plaintiff fails to state an Eighth Amendment claim

Plaintiff alleges that Larcen violated his Eighth Amendment right to "adequate clothing" by refusing to provide him with a hat, gloves and boots in November 2017 because cold weather causes pain in his extremities. Plaintiff claims that MCI is an "outdoor prison," which means that prisoners are required to leave their living quarters and go outside in order to access the cafeteria, infirmary, recreation, visitation, etc. ECF DKT #1 ¶ 25 n.3.

The Eighth Amendment forbids cruel and unusual punishment of prisoners and requires prison officials to provide humane conditions of confinement and ensure that inmates receive "adequate food, clothing, shelter, and medical care[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 466 U.S. 517, 526-27 (1984)). "Failure to provide adequate winter clothing to inmates required to go outside during the winter months may constitute an Eighth Amendment violation." *Ellis v. Mohr*, No. 1:13 CV 1058, 2017 WL 4155769, at *11 (N.D. Ohio Sept. 19, 2017) (citing *Knop v. Johnson*, 977 F.2d 996, 1012-13 (6th Cir. 1992)).

5

That said, "[t]he Constitution 'does not mandate comfortable prisons[.]'" *Farmer,* 511 U.S. at 832 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

An Eighth Amendment violation consists of two components, both of which must be satisfied. First, the deprivation must be objectively "sufficiently serious[.]" *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, even if the first component is satisfied, a prisoner must show that the prison official had a "sufficiently culpable state of mind[,]" that is, the prison official was deliberately indifferent to the inmate's health and safety. *Id.* (citing *Wilson*, 501 U.S. at 297, 302-03). The Eighth Amendment prohibits conduct by prison officials that result in the "unnecessary and wanton infliction of pain," but not every unpleasant experience that a prisoner might endure constitutes cruel and unusual punishment. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

When determining whether exposure to cold temperatures satisfies the objective component of an Eighth Amendment claim, the Court must consider the duration of the exposure and totality of the conditions. *See Spencer v. Bouchard*, 449 F.3d 721, 728-29 (6th Cir. 2006) (prison officials were deliberately indifferent where cold and wet conditions persisted for months and officers failed to take reasonable measures, such as adequate clothing and blankets, to abate the situation). In this case, Plaintiff does not indicate how cold the temperatures were at MCI during the winter of 2017 when Larcen allegedly denied his request for a hat, gloves and boots. Nor does Plaintiff allege that he was continuously exposed to cold temperatures, but rather, that he was intermittently exposed to cold temperatures while traveling between his living quarters and dining, recreation, etc. Moreover, while Plaintiff indicates that cold weather causes pain in his extremities, he alleges no facts from which the Court can infer that he experienced anything

more than the typical discomforts of winter in temporary adverse conditions. *See Ellis,* 2017 WL 4155769, at *11 (one time denial of a winter coat by the quartermaster, without some showing of injury, is not a *per se* violation of the Eighth Amendment) (citing *Brown v. Timmerman-Cooper*, No. 2:10-CV-283, 2013 WL 430262, at *4 (S.D. Ohio Feb. 4, 2013) (finding that one specific failure to provide a hooded sweatshirt when the inmate was not subjected to severe weather conditions was not sufficient to show an Eighth Amendment violation)); *Covington v. Davis*, No. 1:11-cv-1299, 2013 WL 1289557, at *3 (W.D. Mich. Mar. 15, 2013) (the relatively brief period that plaintiff waited outdoors in the cold during an emergency evacuation "falls well short of satisfying the objective component" of an Eighth Amendment claim); *Robinson v. Mich. Dep't of Corr.*, No. 1:14-cv-165, 2014 WL 1370303, at *8 (W.D. Mich. Apr. 8, 2014) (confinement in cell with some exposure to cold air, and only socks, shorts, and a top for clothing does not constitute a violation of the Eighth Amendment) (citing among authority *Mays v. Springborn,* 575 F.3d 643, 648 (7th Cir. 2009) (prison officials' alleged failure to issue adequate cold weather clothing to an inmate who suffered from hurt ears, numb hands, possible frostbite, and a cold as a result did "not rise to the level of the objectively serious harm necessary to show an Eighth Amendment violation" where the inmate "did not show that he was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter")); *Brittenham v. Mackintosh*, No. 09-14285, 2010 WL 148337, at *2 (E.D. Mich. Jan. 13, 2010) (quartermaster's refusal to provide coat and underwear causing prisoner to be cold does not demonstrate serious deprivation required to establish an Eighth Amendment violation) (citing among authority *Mays*, 575 F.3d at 648).

Here, Plaintiff's allegations regarding Quartermaster Larcen, assuming they are true for

7

the purpose of this analysis, do not show that Plaintiff was denied the "minimal civilized measures of life's necessities," and are not "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *See Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original); *Farmer*, 511 U.S. at 834 (same) (citations omitted).

Accordingly, even liberally construing the allegations in his complaint, Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted and that claim is dismissed pursuant to § 1915(e)(2)(B).

### III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated:**  September 11, 2018